**In re Colleen Moore SELBY, Frank Edmond Selby, Debtors.**

**Bankruptcy No. 387–00227–H13.**

United States Bankruptcy Court,
D. Oregon.

July 20, 1987.

Robert E. Lowe, Gresham, Or., for debtors.

Robert Birk, Portland, Or., for Sundkvist.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon Terry Sundkvist's objection to confirmation of the debtors' proposed chapter 13 plan. The debtors were represented by Robert E. Lowe of Gresham, Oregon. Terry Sundkvist was represented by Robert A. Birk of Portland, Oregon.

Colleen Selby, one of the debtors, was employed as an agent for Farmers Insurance Company of Oregon (Farmers). Her agency was terminated in October of 1986. Paragraph G of her agreement with Farmers provides:

In the event of termination of this Agreement, the Companies will normally pay "Contract Value" to the Agent or his heirs in the manner hereinafter set out.

If the Companies do not pay the "Contract Value", the Agent or his heirs may, in writing, nominate a successor(s)....

The paragraph sets forth the formula for determining the "Contract Value". That calculation is based upon: (1) the amount of commissions paid to the agent during a period immediately preceding the termination; (2) the number of active policies of the agent; and (3) the number of years of continuous service as an agent. The more productive the agency was shortly before termination, the greater the Contract Value to be paid the agent.

The next paragraph provides:

The Agent agrees to transfer and assign all of his interest under this Agreement and Agency (including any interest in the telephone numbers and leased or rented office location) to the Companies or any other purchaser in the event they make payment to the Agent pursuant to paragraph G of this agreement. For the payment received, he further agrees that for a period of one year following the date of sale he will neither directly nor indirectly solicit, accept or service the insurance business of any policyholder of record in the agencies of this district as of the date of sale....

Farmers elected to pay the Contract Value, and made the first installment payment to the debtor. Prior to receiving the second payment, the debtors commenced their chapter 13 case.

The sole issue to be determined is whether the remaining payments are partially exempt as earnings pursuant to ORS 23.175 and 23.185. The creditor objected to confirmation of the plan, contending that the future payments are not exempt and therefore should be applied to increase the distribution to unsecured creditors.

ORS 23.185 limits "the maximum part of the aggregate disposable earnings of an individual ..." subject to garnishment. "Earnings" is defined in ORS 23.175 as "... compensation paid or payable for personal services...."

The payments to Mrs. Selby are not in consideration for personal services. Rather, the sums are in exchange for an agreement by the debtor not to compete and for all rights incident to the business premises of the debtor. The fact that the consideration to be paid to the agent is determined by reference to prior commissions, the number of active policies and the years of service does not transform the payments into payments for past services. Rather, those factors were selected because of their relevance to the value of the consideration received by Farmers. The more business generated by an agent at a certain location, the more valuable that location and the agent's agreement not to compete will be.

The creditor's objection to the confirmation of the plan for the reason that it does not meet the requirements of 11 U.S.C. § 1325(a)(4) is sustained. An order will be entered denying confirmation of the plan and granting the debtor additional time to file an amended plan.